# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) *Plaintiff* ) ) v. ) ) HELANA TSOUKALAS, JORDYN ) TSOUKALAS, and A.T. (a minor) ) ) *Defendants* ) | Case No. 1:19-cv-01772 |

### METROPOLITAN LIFE INSURANCE COMPANY'S
### COMPLAINT IN INTERPLEADER

Interpleader Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorney, Jacqueline J. Herring of Smith, von Schleicher & Associates, submits its Complaint in Interpleader pursuant to Fed. R. Civ. P. 22, due to competing claims to $859,000 in life insurance benefits:

**Parties**

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of New York, with its principal place of business in New York, and is a citizen of New York. It is duly licensed to do business in the State of Illinois.

2. Defendant Helana Tsoukalas ("Helana") is the surviving spouse of Christ Tsoukalas (the "Decedent"), and she resides in Chicago, Illinois and is a citizen of Illinois.

3. Defendant Jordyn Tsoukalas ("Jordyn") is the 19-year-old surviving daughter of the Decedent and Ellen Hubbell ("Ms. Hubell"), the Decedent's former spouse. Jordyn resides in Palos Hills, Illinois and is a citizen of Illinois.

4. Defendant A.T., a minor, is the 16-year-old surviving son of the Decedent and Ms. Hubbell. A.T. resides in Palos Hills, Illinois and is a citizen of Illinois.

## Jurisdiction and Venue

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Also, this is an Interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) because at least one defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## Competing Claims

7. The Decedent had life insurance coverage under Group Policy Number 213800-1-G (the "Group Policy") issued by MetLife to Policyholder City of Chicago ("Policyholder"). A copy of the Certificate of Insurance for the Group Policy, applicable to all active Full-Time employees who are classified as Fraternal Order of Police (FOP), including Officers, Sergeants, Lieutenants, Captains and Top Commanders, is attached as Exhibit A.

8. The Decedent, an employee of the City of Chicago prior to his death, died on December 12, 2018. A copy of his Certificate of Death is attached as Exhibit B.

9. At the time of the Decedent's death, he had Basic Life coverage under the Group Policy in the amount of $75,000.00, and Optional Employee Life coverage under the Group Policy in the amount of $784,000.00, for total coverage in the amount of $859,000.00 (the "Proceeds"). As a result of the Decedent's death, the Proceeds became payable to the proper beneficiary or beneficiaries.

10. The Group Policy provides, in part, "If You die, Proof of Your death must be sent to Us. When We receive such Proof with the claim, We will review the claim and, if We approve it, will pay the Beneficiary the Life Insurance in effect on the date of Your death." (Ex. A, Certificate, pg. MET00053). The Group Policy provides, "You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to Us using a form satisfactory to Us." (Ex. A, Certificate, pg. MET00071).

11. At the time of the Decedent's death, the most recent beneficiary designation designates Helana as the primary beneficiary to receive one-hundred percent (100%) of the Decedent's coverage under the Group Policy.

12. Helana submitted a claim for the Proceeds on or about December 26, 2018. A copy of Helana's claim form is attached as Exhibit C.

13. On December 28, 2018, Ms. Hubbell called MetLife to assert a claim to the Proceeds and sent MetLife a letter stating, in part, "Our divorce decree entered 07/01/2010 states in section 3.3 that Christ Tsoukalas was to maintain a $300,000 life insurance policy with the 2 children as beneficiaries. I believe that this policy belongs to Jordyn and [A.T] as beneficiaries." Ellen Hubbell included with her letter a copy of a Judgment for Dissolution of Marriage and Marital Settlement Agreement entered on July 1, 2010 in the case *In re the Marriage of Ellen A. Hubbell and Christ Tsoukalas*, Case No. 2010-D530446, Circuit Court of Cook County. The Marital Settlement Agreement is dated June 16, 2010. A copy of Ms. Hubbell's December 28, 2018 letter, Judgment for Dissolution of Marriage, and Marital Settlement Agreement is attached as Exhibit D.

14. The Marital Settlement Agreement states, in part:

### 3.3 LIFE INSURANCE FOR THE CHILDREN

A. *Policy*. Husband shall secure and maintain term life insurance on his life having a minimum unencumbered death benefit in the amount of $300,000.00 for the benefit of the children [Jordyn and A.T.].

B. *Beneficiary Designation*. On or before the effective date of this Agreement, Husband shall execute and deliver all documents necessary to designate the children of the parties as irrevocable beneficiary of the total proceeds of his life insurance policy.

(Ex. D, Marital Settlement Agreement, pg. MET00101).

15. MetLife sent letters, dated February 5, 2019, to Helana, Jordyn, and Ms. Hubbell for the benefit of A.T., a minor, to notify them of their competing claims to the Proceeds and the potential need for an interpleader action. MetLife advised that before filing the interpleader action, "MetLife will give you the opportunity to try to resolve the matter amicably in order to preserve the benefits from litigation costs and fees." A copy of MetLife's February 5, 2019 letter is attached as Exhibit E.

16. Helana sent MetLife a letter dated February 12, 2019, in which she demanded payment of 100% of the Proceeds or she would "proceed legally against MetLife." She stated that the Insured's obligation under the Marital Settlement Agreement to his children, Jordyn and A.T., was fulfilled by a separate $300,000 life insurance policy with First Colony Life Insurance Company that named Ms. Hubbell as the beneficiary. A copy of Helana's February 12, 2019 letter and the First Colony Life Insurance Company policy is attached as Exhibit F.

17. MetLife is unable to determine the proper beneficiary of the Proceeds without the risk of exposure to multiple liabilities and the vexation of litigating multiple claims. As a mere stakeholder, MetLife has no interest in the Proceeds (except to recover the costs of this action). MetLife therefore respectfully requests that this Court determine to whom and in what amounts the Proceeds should be paid.

4

18. MetLife is ready, willing, and able to pay the Proceeds, in accordance with the terms of the Group Policy, in such amounts and to whichever Defendant or Defendants the Court shall designate.

19. MetLife will deposit into the Registry of the Court the Proceeds, plus any applicable interest due and owing under the terms of the Group Policy, for disbursement in accordance with the Judgment of this Court. Upon deposit of the Proceeds, MetLife should be dismissed with prejudice and released from any further involvement or participation in this litigation.

WHEREFORE, Interpleader Plaintiff MetLife requests the following relief:

(i) Requiring the appointment of a guardian of the estate or conservator for the Insured's minor child, A.T.;

(ii) Permitting MetLife to pay into the Registry of the Court the Proceeds, plus applicable interest, if any, and upon such payment dismissing MetLife with prejudice from this action, and discharging MetLife, the Policyholder City of Chicago, and the Plan from any further liability for the Proceeds plus any applicable interest;

(iii) Restraining and enjoining Helana Tsoukalas, Jordyn Tsoukalas, and A.T., by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, the Policyholder City of Chicago or the Plan for the recovery of the Proceeds, plus any applicable interest, by reason of the death of the Insured;

(iv) Requiring that Helana Tsoukalas, Jordyn Tsoukalas, and A.T. litigate or settle and adjust between themselves their claims for the Proceeds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Proceeds, plus applicable interest, if any, should be paid;

(v) Awarding MetLife its costs; and

(vi) Awarding MetLife such other and further relief as this Court deems just, equitable and proper.

                                          Respectfully submitted,

Jacqueline J. Herring (Ill. Bar. No. 6282246)     By: */s/ Jacqueline J. Herring*
SMITH | VON SCHLEICHER + ASSOCIATES             Attorney for Interpleader Plaintiff,
180 N. LaSalle St. Suite 3130                            Metropolitan Life Insurance Company
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
jackie.herring@svs-law.com